**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **JACQUELINE L. WHITAKER** | **CIVIL ACTION NO. 14-2342** |
| **VERSUS** | **JUDGE ELIZABETH FOOTE** |
| **BARKSDALE AIR FORCE BASE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Before this Court are Motions To Dismiss filed by the Defendants, Barksdale Air Force Base ("BAFB"), the Federal Bureau of Investigation ("FBI"), the United States Attorney's Office ("U.S. Attorney"), and the Louisiana Department of Public Safety and Corrections–Louisiana State Police ("Louisiana State Police"). [Record Documents 3 and 6]. The Defendants, in two separate motions, seek to dismiss the Complaint filed pro se by the Plaintiff, Jacqueline L. Whitaker, which accuses these federal and state agencies of numerous constitutional and statutory violations, including violations of the Foreign Intelligence Surveillance Act ("FISA") and the Electronic Communications Privacy Act ("ECPA"). [Record Document 1]. The Louisiana State Police seeks to dismiss the suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and in the alternative, it seeks dismissal pursuant to Rule 12(b)(6), Rule 12(b)(4), Rule 12(b)(5), and Rule 12(e). [Record Document 6]. While the Motion To Dismiss filed by BAFB, the FBI, and the U.S. Attorney, collectively referred to as the "federal Defendants," argues for dismissal principally under Rule 12(b)(6), the motion

also seeks dismissal for lack of subject matter jurisdiction.[1] [Record Document 3]. The

Plaintiff then filed Responses in opposition to each Motion To Dismiss. [Record

Documents 5 and 8].[2] For the reasons set forth below, the Court **GRANTS** the

Defendants' Motions To Dismiss [Record Documents 3 and 6], and the Plaintiff's claims

against the Defendants are **DISMISSED**.

## I.      Background

The Plaintiff alleges a variety of constitutional and statutory violations by federal

and state agencies and requests primarily monetary relief for these violations. Record

Document 1, p. 2. According to the Complaint, the case appears to be precipitated by a

local parking dispute with a neighbor, Bob Coates ("Coates"), who is a retired airman

operating a day care facility with his wife out of his home, which is located across the

street from the Plaintiff's house. Id., at p. 1. After the Plaintiff wrote letters concerning

the use of her driveway and the traffic congestion caused by Coates' day care, the

Complaint explains that Coates informed officials at BAFB that the Plaintiff was

responsible for "terrorizing his family." Id.

---

[1] As explained in their brief, the federal Defendants omit a lengthy discussion of the Plaintiff's failure to plead proper subject matter jurisdiction with her Complaint, but they do raise this jurisdictional challenge with regard to both the Plaintiff's constitutional and statutory claims in a footnote. Record Document 3-1, p. 2 n. 2; see Fed. R. Civ. P. 12(b)(1).

[2] In terms of the Plaintiff's pleadings, because she is litigating this matter pro se, the Court holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers." See Hale v. King, 642 F.3d 492, 499 (5th Cir. 2011) (quoting Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002)). The Court also notes that it is excluding from its consideration materials the Plaintiff attached to her first Response, including two written statements from her daughters and a letter from Senator Rand Paul of Kentucky to Robert Mueller, then-Director of the FBI. See Fed. R. Civ. P. 12(d); Record Document 5-1. In doing so, the Court is not going "outside the complaint," which would require treating a motion to dismiss based on Rule 12(b)(6) as a motion for summary judgment. Rodriguez v. Rutter, 310 F. App'x 623, 626 (5th Cir. 2009) (quoting Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003)).

It was at this time, the Plaintiff alleges, that BAFB officials obtained warrants to place the Plaintiff under surveillance and requested the assistance of the other Defendants,[3] including the FBI and the Louisiana State Police. Id. With the FBI's approval, unmanned drones, helicopters, and agents from both federal and state agencies began conducting surveillance of the Plaintiff beginning in January 2011. Id.

The Plaintiff further explains that tracking and listening devices were placed without her consent in a used car that she purchased in November 2011. Id., at p. 2. The Complaint then goes on to assert that the Plaintiff's home was searched over 100 times between July 2013 and July 2014, including a July 10, 2014, incident when federal agents reportedly entered her attic to install monitoring devices, damaging the attic's electrical wiring. Id. As a result of this alleged surveillance and property damage, the Plaintiff now seeks monetary relief for the value of her car, the cost of repairing her attic's electrical wiring, and $3.5 million in punitive damages. Id.[4]

## II.     The Defendants' Motions To Dismiss for Lack of Subject Matter Jurisdiction

Courts are instructed to first consider jurisdictional challenges raised by a defendant, pursuant to Rule 12(b)(1), before addressing any claim against the merits of a complaint. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). As such, this Court will analyze the Defendants' jurisdictional claims before addressing their Rule 12(b)(6) claims or any other alternative grounds for dismissal.

---

[3] The Memorandum in Support filed by the federal Defendants explains that the Plaintiff is filing suit against the U.S. Attorney, given the Complaint's caption, even though she references the "State Attorney" in the body of her Complaint. Record Document 3-1, p. 2 n. 1.

[4] The Plaintiff also requests to be informed of any criminal charges against her, the right to cross-examine any witnesses making statements against her, and a public trial. Record Document 1, p. 2.

## A.    Rule 12(b)(1)

Rule 12(b)(1) permits a party to assert that a plaintiff's complaint should be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed under this rule when a court lacks either the statutory or constitutional authority to hear the case. Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998) (citing Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)).[5] When considering jurisdictional challenges,"the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Ramming, 281 F.3d at 161. Courts are to accept the veracity of the facts and accusations set forth in a complaint, and any motion to dismiss based on Rule 12(b)(1) should only be granted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Id. (citing Home Builders, 143 F.3d at 1010); see Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

## B.    Subject Matter Jurisdiction over the Louisiana State Police

The Louisiana State Police's primary argument is that the Plaintiff's Complaint should be dismissed based on the protections of the Eleventh Amendment, as it is a state agency that has neither consented to suit nor has Congress abrogated its state sovereign immunity. Record Document 6-1. The Eleventh Amendment bars suits for monetary relief by citizens in federal court against either states or their agencies, unless

---

[5] This lack of subject matter jurisdiction may be found in three ways: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996) (quoting Voluntary Purchasing Grps., Inc. v. Reilly, 889 F.2d 1380,1384 (5th Cir. 1989)) (internal quotation marks omitted).

that state has waived its immunity and consented to suit. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999). Similarly, suits brought against state officials or agents are also barred when the state is the "real, substantial party in interest," regardless of whether a plaintiff seeks damages or injunctive relief. Pennhurst, 465 U.S. at 101 (quoting Ford Motor Co. v. Dep't of Treasury of Ind., 323 U.S. 459, 464 (1945)).

Of course, there are limits to this immunity. When a state official's actions are not taken on behalf of a state or a state agency, a plaintiff may seek injunctive relief to prohibit the continued impermissible activity of that official so long as the plaintiff does not seek retroactive monetary relief for it. Id. at 102 (citations omitted). A state may also waive its sovereign immunity, which permits it to be subject to suit, whether in state or federal court. See id. at 99 & n.9. Lastly, Congress may abrogate a state's sovereign immunity to authorize a suit to be brought in federal court against a non-consenting state to enforce the protections of the Fourteenth Amendment. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 79-80 (2000).

### i.   The Alleged Violations of the Plaintiff's Constitutional Rights by the Louisiana State Police

The Louisiana State Police argues that the Plaintiff's constitutional claims must be dismissed because this Court lacks subject matter jurisdiction under Rule 12(b)(1). Although not explicitly pled in her Complaint, the Plaintiff's Responses indicate that her constitutional claims against the Louisiana State Police appear to be made pursuant to 42 U.S.C. § 1983. See Record Document 5, p. 3, and Record Document 8, pp. 1-2. The Plaintiff, in support of these allegations, claims that the Louisiana State Police assisted

BAFB officials in placing her under surveillance, including the use of aerial and ground surveillance and numerous intrusions into her home. Record Document 1, pp. 1-2.[6]

The Louisiana State Police correctly argues that it, as a state-based law enforcement agency, is entitled to sovereign immunity under the Eleventh Amendment. It is well-settled law in the Fifth Circuit that the Louisiana State Police is "an arm of the State" that is entitled to Eleventh Amendment immunity for purposes of § 1983. See Lavergne v. La. State Police, No. 6:13-cv-2189, 2014 WL 906285, at *3-4 (W.D. La. Mar. 7, 2014) (citing cases). Moreover, the limitations on state sovereign immunity noted above do not apply here. Louisiana has not waived its sovereign immunity for either itself or its agencies in federal court, see La. Rev. Stat. § 13:5106(A), and Congress did not abrogate state sovereign immunity for § 1983 claims. See Champagne, 188 F.3d at 314 (citing Quern v. Jordan, 440 U.S. 332, 345 (1979)).

Therefore, even accepting as true the Plaintiff's factual allegations, this Court lacks subject matter jurisdiction over the Louisiana State Police to hear these constitutional claims. This Court agrees that the Louisiana State Police is "an arm of the State" and finds that Louisiana and its agencies have not waived state sovereign immunity given the clarity of Louisiana Revised Statute § 13:5106(A).[7] The Plaintiff has

---

[6] The Court notes that the facts connecting the Louisiana State Police to the Plaintiff's accusations are lacking, but they appear to address the basic elements of a § 1983 claim: (1) a plaintiff being deprived of a constitutional right or a right secured by the law of the United States, and (2) this deprivation is caused by a state agent acting under the color of law. West v. Atkins, 487 U.S. 42, 48 (1988). While the Plaintiff directs a claim against two Louisiana State Police officials under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), in her second Response, the Court assumes that she seeks to bring any action against the Louisiana State Police or its officials for a violation of her rights under § 1983, as Bivens actions are only brought against federal officials for alleged unconstitutional conduct. See Abate v. S. Pac. Transp. Co., 993 F.2d 107, 110 (5th Cir. 1993).

[7] Louisiana Revised Statute § 13:5106(A) explains that "[n]o suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court."

thus neither established this Court's jurisdiction, which she bears the burden of proving, nor has she demonstrated that an exception to the Eleventh Amendment applies. Consequently, this Court finds that any constitutional claims asserted against the Louisiana State Police by the Plaintiff must be **DISMISSED**, pursuant to Rule 12(b)(1), as this Court lacks subject matter jurisdiction.

> **ii.     The Alleged Violations of the Plaintiff's Statutory Rights by the Louisiana State Police**

The Louisiana State Police makes similar jurisdictional arguments under Rule 12(b)(1) with regard to the statutory claims the Plaintiff alleges pursuant to FISA and ECPA. Record Document 6-1, pp. 8-11. Given that Louisiana has not waived its sovereign immunity and the Defendant is a state agency, rather than a state official, the Louisiana State Police correctly observes that this Court must only determine whether Congress abrogated Eleventh Amendment immunity when it enacted FISA and ECPA. The focus of the argument against abrogation by the Louisiana State Police rests on the statutory language used by Congress in both acts to permit monetary relief and how it, as a state agency, does not unequivocally fall within those definitions of "persons" that can be held civilly liable. Id. While the Plaintiff's pleadings do not detail what specific actions, if any, by the Louisiana State Police violated either statute, the Court does not need to analyze the merits of her claims for purposes of jurisdiction under Rule 12(b)(1).

In determining whether Congress abrogated a state's sovereign immunity, courts should consider two questions: "first, whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity,' and second, whether Congress has acted 'pursuant to a valid exercise of power.'" Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 55 (1996)

(quoting Green v. Mansour, 474 U.S. 64, 68 (1985)). The test for making such a

determination is "simple but stringent" and permits abrogation when Congress states its

"intention unmistakably clear in the language of the statute." Kimel, 528 U.S. at 73

(quoting Dellmuth v. Muth, 491 U.S. 223, 228 (1989)). Congress must additionally act

pursuant to a valid exercise of power under § 5 of the Fourteenth Amendment when

abrogating states' immunity. Kazmier v. Widmann, 225 F.3d 519, 523 (5th Cir. 2000).

### (1)      The Louisiana State Police's Alleged Violations of FISA

In terms of FISA, the Louisiana State Police explains that while an aggrieved

person who has been subjected to prohibited electronic surveillance "shall have a cause

of action against any person who committed such violation and shall be entitled to

recover" monetary damages, the use of "person" does not "unequivocally authorize civil

liability against states or their agencies" necessary to abrogate sovereign immunity.

Record Document 6-1, p. 9 (emphasis added) (quoting 50 U.S.C. § 1810). The

Louisiana State Police notes a "person," for FISA purposes, is defined as "any

individual, including any officer or employee of the Federal Government, or any group,

entity, association, corporation, or foreign power." Id. (quoting 50 U.S.C. § 1801(m)).

Reasoning that the definition of "person" does not unequivocally include states or state

agencies, the Louisiana State Police argues that Congress did not abrogate its

sovereign immunity to permit it to be held civilly liable for potential violations of FISA. Id.

Here, the Court agrees with the Louisiana State Police and finds that Congress

did not unmistakably make clear any intention to abrogate the states' immunity with

FISA. See Kimel, 528 U.S. at 73. A reading of the statute's text does not indicate any

explicit waiver by Congress of the protections of the Eleventh Amendment, and this

Court cannot find that the Louisiana State Police unquestionably falls within 50 U.S.C. §

1801(m)'s definition of "person." In particular, the terms "group" and "entity" are

undefined in the statute, and it is not clear that any state governmental unit is subject to

civil liability under FISA. Likewise, in analyzing the jurisprudence surrounding civil

liability under FISA, this Court was unable to find any support, whether inside of the

Fifth Circuit or outside of it, for the proposition that Congress unequivocally abrogated

states' sovereign immunity by enacting 50 U.S.C. § 1810. This Court cannot read into

the definition of "person" any intent on the part of Congress that might possibly subject

the Louisiana State Police to monetary damages for a purported violation of FISA. See

Kimel, 528 U.S. at 73; see also Al-Haramain Islamic Found. v. Obama, 705 F.3d 845,

852 (9th Cir. 2012) (noting an ambiguity should be construed in the sovereign's favor).

Accordingly, the Court finds that any statutory claims under FISA for monetary relief

against the Louisiana State Police by the Plaintiff must be **DISMISSED** under Rule

12(b)(1), as this Court lacks subject matter jurisdiction.

> **(2)      The Louisiana State Police's Alleged Violations of ECPA**

The Louisiana State Police makes a more complex jurisdictional argument

against abrogation based on the definitions contained in ECPA and the statute's

construction. Neither the Plaintiff's Complaint nor Responses outline how the Louisiana

State Police's purported actions violated this act, but ECPA permits "any person whose

wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in

violation of this chapter [to recover in a civil action] from the person or entity, other than

the United States, which engaged in that violation." 18 U.S.C. § 2520(a) (emphasis

added). The Louisiana State Police concedes that while the inclusion of "entity" in 18

U.S.C. § 2520(a) may encompass a state "governmental unit," this use of "entity,"

without more, fails to abrogate its immunity.

Relying on jurisprudence from the Seventh Circuit, the Louisiana State Police

argues that 18 U.S.C. § 2520(a) does not create a cause of action alone and that it only

permits monetary relief after other substantive provisions of ECPA are violated. See

Record Document 6-1, p. 10. Given the facts as pled by the Plaintiff, the Louisiana State

Police presumes that the substantive violation of ECPA alleged in the Complaint must

be found in 18 U.S.C. § 2511(1), which only prohibits the interception, disclosure, or

intentional use of wire, oral, or electronic communications by a person, rather than an

entity. Id. (citing Seitz v. City of Elgin, 719 F.3d 654, 658-59 (7th Cir.), cert. denied, 134

S. Ct. 692 (2013)). As such, the Louisiana State Police contends that it, as a state

agency, cannot be subject to civil liability under 18 U.S.C. § 2520(a), because the

substantive violation alleged in the Plaintiff's pleadings only provide for liability if those

actions are taken by "persons."[8] Therefore, due to the definitions and the statute's

construction, the Louisiana State Police argues Congress cannot be said to have

unequivocally abrogated its sovereign immunity by enacting ECPA.

The Court agrees with the Louisiana State Police's argument and reading of

ECPA, and it finds that it lacks subject matter jurisdiction over the Plaintiff's claims. The

---

[8] Under 18 U.S.C. § 2510(6), ECPA defines a person as "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation."

Court notes that while the use of "entity" in 18 U.S.C. § 2520(a) likely permits civil

liability against state agencies for other violations of ECPA,[9] the Court must presume,

given the facts alleged, that any purported actions by the Louisiana State Police relate

to a violation of 18 U.S.C. § 2511(1). However, as the Seventh Circuit explains, a

violation of this provision does not permit any civil recovery against state governmental

entities under ECPA: "[o]nly a 'person' can violate § 2511(1). And because § 2520

creates a cause of action only for [violations of ECPA], it necessarily follows that § 2520

confers a cause of action to enforce § 2511(1) only against persons as defined by the

statute." Seitz, 719 F.3d at 659. Although there is a split amongst the circuit courts, and

a district court within the Fifth Circuit has found that ECPA, in fact, provides for civil

liability against governmental entities, that ruling does not adequately address the

omission of "entity" from 18 U.S.C. § 2511(1).[10] Thus, without instruction from the Fifth

Circuit on this point, this Court finds that the reasoning from Seitz should be applied

here. If Congress sought to permit the recovery of civil damages from states or state

agencies, like the Louisiana State Police, for violations of 18 U.S.C. § 2511(1), it would

have included the term "entity" in the provision to make its intention clear as to those

---

[9] See, e.g., 18 U.S.C. § 2511(3)(a) ("[A] person or entity providing an electronic communication service to the public shall not intentionally divulge the contents of any communication . . . while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication or an agent of such addressee or intended recipient.") (emphasis added).

[10] Garza v. Baxar Metro. Water Dist., 639 F. Supp. 2d 770, 773-74 (W.D. Tex. 2009). This Court agrees with Garza that there is a split in authority among the circuit courts that have addressed whether governmental entities may be liable for civil damages under ECPA. See id. Nevertheless, this Court disagrees with Garza's holding to the extent that it permits civil damages against state agencies for any violation of ECPA, especially where Congress has not amended the statute's provisions to include "entity" as those capable of being liable for a given violation. Compare 18 U.S.C. § 2511(1), with 18 U.S.C. § 2511(3)(a).

who could be held accountable for such violations.[11] Thus, this Court finds that any

statutory claims by the Plaintiff under ECPA must be **DISMISSED** against the Louisiana

State Police under Rule 12(b)(1), because the Court lacks subject matter jurisdiction.

### C.      Subject Matter Jurisdiction for the Federal Defendants

The Court must next address whether the Plaintiff's constitutional and statutory

claims against the federal Defendants should be dismissed pursuant to Rule 12(b)(1).

Although this basis for dismissal is not the focus of the federal Defendants' brief, they

assert that the Plaintiff has failed to establish this Court's subject matter jurisdiction.

Record Document 3-1, p. 2 n. 2.

The law is well established that "[a]bsent a wavier, sovereign immunity shields

the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475

(1994). Moreover, a "waiver of sovereign immunity must be 'unequivocally expressed' in

statutory text," and "[l]egislative history cannot supply a waiver that is not clearly evident

from the language of the statute." FAA v. Cooper, 132 S. Ct. 1441, 1448 (2012)

(citations omitted). It is a plaintiff's burden of showing "Congress's unequivocal waiver of

sovereign immunity." St. Tammany Parish ex rel Davis v. FEMA, 556 F.3d 307, 315 (5th

Cir. 2009) (citations omitted).

---

[11] The Fifth Circuit has addressed 18 U.S.C. § 2520(a) and interpreted its use and application with regard to other provisions of ECPA. In outlining the interplay between 18 U.S.C. § 2520(a) and § 2511(1), the Fifth Circuit noted "it is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." See Peavy v. WFAA-TV, Inc., 169 F.3d 158, 169 (5th Cir. 2000) (quoting BFP v. Resolution Trust Corp., 511 U.S. 531, 537 (1994)).

i.      **The Alleged Violations of the Plaintiff's Constitutional Rights
by the Federal Defendants**

In their Motion To Dismiss, the federal Defendants briefly assert a challenge to

this Court's subject matter jurisdiction to hear the Plaintiff's constitutional claims

pursuant to Rule 12(b)(1). Because each party is a component of another federal

agency, the federal Defendants "challenge their consent to be sued, and assert they are

not proper party defendants as to plaintiff's constitutional claims." Record Document 3-

1, p.2 n. 2. They further contend that "this action may be deemed an action against the

Sovereign," which has not waived its immunity. Id. The Plaintiff's pleadings explain that

her allegations against the federal Defendants are premised on violations of the Fourth,

Fifth, Sixth, and Fourteenth Amendments, and the Court presumes that the Plaintiff

seeks to bring some of her claims pursuant to a Bivens action, as the accusations are

asserted against federal agencies and the actions of their agents. See Mauro v.

Freeland, 735 F. Supp. 2d 607, 614 (S.D. Tex. 2009). However, the construction of the

Plaintiff's pleadings makes it difficult to determine the exact or proper basis for her

claims against these federal Defendants.

Without the consent of the federal Defendants or a waiver of their immunity, this

Court cannot find that the Plaintiff has established its subject matter jurisdiction over her

constitutional claims. Federal agencies, like the federal Defendants, are shielded from

suit by sovereign immunity to the same extent as the federal government. Meyer, 510

U.S. at 475. Similarly, a Bivens action may not be brought against the federal

government or its agencies, because it only permits a cause of action against

government officials in their individual capacities. See Affiliated Prof'l Home Health Care

Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999). The Plaintiff's pleadings only name the agencies as defendants, and her first Response, at best, only appears to direct allegations against federal officials in their official capacities. Record Documents 1 and 5. Even construing the pleadings favorably, nothing the Plaintiff has provided demonstrates that she has carried her burden of proving sovereign immunity has been waived or that this Court has jurisdiction to hear these claims. Consequently, any claim by the Plaintiff against the federal Defendants for the purported violations of her constitutional rights must be **DISMISSED** under Rule 12(b)(1), as this Court lacks subject matter jurisdiction.

### ii. The Alleged Violations of the Plaintiff's Statutory Rights by the Federal Defendants

The federal Defendants similarly challenge this Court's subject matter jurisdiction to hear the Plaintiff's FISA and ECPA allegations. The Motion To Dismiss simply argues that the Complaint fails to "establish subject matter jurisdiction over the defendant agencies for any alleged statutory violations." Record Document 3-1, p. 2 n. 2. Although neither the Complaint nor the Responses make entirely clear what specific acts of these federal Defendants violated either statute, the Court does not need to address the merits of the Plaintiff's statutory claims to determine whether it has jurisdiction.

### (1) The Federal Defendants' Alleged Violations of FISA

As detailed above, under FISA, an aggrieved person who has been subjected to prohibited electronic surveillance "shall have a cause of action against any person who committed such violation and shall be entitled to recover" monetary damages. 50 U.S.C. § 1810 (emphasis added). A "person" who can be held civilly liable under this provision

is defined as "any individual, including any officer or employee of the Federal

Government, or any group, entity, association, corporation, or foreign power." 50 U.S.C.

§ 1801(m). Given this definition, the Court now must decide if Congress waived the

federal Defendants' immunity when enacting FISA and its civil liability provision. See

Meyer, 510 U.S. at 475.

The Fifth Circuit appears not to have addressed this issue yet, but in Al-

Haramain Islamic Foundation, Inc. v. Obama, the Ninth Circuit engaged in an extensive

analysis of whether Congress sought to waive the federal government's sovereign

immunity with 50 U.S.C. § 1810. 705 F.3d at 850-55. There, the Ninth Circuit found

Congress "deliberately did not waive immunity with respect to § 1810" and explained the

omission of the "United States" from the definition of persons that could be held civilly

liable was glaring and intentional. Id. at 851-52, 855. The Ninth Circuit reasoned that

Congress understood how to explicitly waive immunity in the context of FISA and that it

failed to do so through the statute's ambiguous definition of "person." Id. at 852 (noting

any ambiguity should be construed in the sovereign's favor).

With the Ninth Circuit's analysis, this Court agrees that Congress did not waive

the federal government's sovereign immunity when enacting FISA and finds that it does

not have subject matter jurisdiction over the Plaintiff's claims. The Plaintiff has provided

the Court with nothing to demonstrate its jurisdiction in this case. Without any support or

argument that Congress unequivocally expressed its intent to waive these agencies'

immunity with 50 U.S.C. § 1810, any ambiguity must be viewed favorably for the federal

Defendants. See id. at 851-52. The Court here must find that these federal Defendants

are shielded from suit, as the Plaintiff clearly has failed to carry her burden of proving

Case 5:14-cv-02342-EEF-MLH   Document 10   Filed 02/11/15   Page 16 of 19 PageID #: 112

this Court's jurisdiction over these named agencies. See Davis, 556 F.3d at 315. Thus, this Court finds that any claim under FISA against the federal Defendants must be **DISMISSED** under Rule 12(b)(1), as the claims are barred by sovereign immunity. See Meyer, 510 U.S. at 475.

### (2)     The Federal Defendants' Alleged Violations of ECPA

The Court has already established above that ECPA permits the recovery of civil damages against both persons and entities for violations of the statute. However, unlike in the context of state governmental entities, the provision permitting the recovery of civil damages unambiguously shields the federal government from liability. The provision states that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation." 18 U.S.C. § 2520(a) (emphasis added). Consequently, there is no need for extensive jurisdictional analysis in this context.

The plain text of 18 U.S.C. § 2520(a) demonstrates unmistakably that the federal government has not waived its sovereign immunity to permit a suit for civil damages under ECPA against itself or its agencies. Meyer, 510 U.S. at 475. In fact, the federal government has explicitly invoked its sovereign immunity with 18 U.S.C. § 2520(a), codifying the inability of an individual to seek civil damages against it. See Cooper, 132 S. Ct. at 1448. There is no possible reading of that provision to interpret it as waiving

sovereign immunity or reflecting Congress's intent to do so.[12] As a result, to the extent

the Plaintiff seeks monetary relief against these named Defendants as federal agencies,

this provision represents the intent of Congress not to subject them to civil liability.

Therefore, because she is unable to establish this Court's subject matter jurisdiction

over the federal Defendants based on ECPA, any claim the Plaintiff may have for civil

damages under the statute must be **DISMISSED** under Rule 12(b)(1).

### III.    Dismissal Based on the Remaining Alternative Grounds

Because dismissal of the Plaintiff's Complaint is appropriate on jurisdictional

grounds, pursuant to Rule 12(b)(1), this Court will not engage in an analysis of the

merits of the Defendants' remaining alternative arguments for dismissal. See Record

Documents 3 and 6.

### IV.    Claims Against the Federal and State Officials Referenced in the Plaintiff's Responses

Finally, the Court notes that the Plaintiff's Responses direct these same

allegations at additional federal and state officials, asserting that they are also

responsible for violating her rights.[13] Nevertheless, even assuming these officials were

---

[12] Moreover, it is obvious given 18 U.S.C. § 2520(a)'s language that the Plaintiff would not be able to carry her burden of establishing jurisdiction over these federal Defendants even with further briefing. See Davis, 556 F.3d at 315.

[13] According to the Plaintiff's first Response, the following individuals, who she states are employed by BAFB, are responsible for violating her rights: Kristen E. Goodwin, Commander of the 2nd Bomb Wing; Leland Bohannon, Vice Commander of the 2nd Bomb Wing; Arthur L. Wachdorf, Senior Adviser for Intelligence and Cyber Operations, 24th Air Force, Air Force Space Command; Earl White, Special Intelligence Adviser to the Space Protection Program; Kenneth A. Williams Jr., a Senior Level Defense Intelligence executive; Stephen W. Wilson, Commander of the Air Force Global Strike Command; Betsy S. Witt, Defense Intelligence Senior Leader; and Russell E. Wyler, Member of the Defense Intelligence Senior Executive Service. Record Document 5, p. 1.

The Response also alleges four others as responsible for violating the Plaintiff's rights: Stephanie A. Finley, United States Attorney for the Western District of Louisiana; Peter Marchese, an FBI agent; and

properly named as defendants, this Court, accepting the well-pled facts as true and construing the Plaintiff's Complaint in a light most favorable to her, would dismiss any claims against these officials because her assertions are merely legal conclusions framed as factual allegations. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 210 (5th Cir. 2010) (citations omitted).

The Plaintiff has failed to draw any factual connection between the alleged constitutional and statutory violations and the actions of these officials. She does not state which of these officials conducted the surveillance, who intruded upon her home, who installed any of the surveillance devices, or any fact to raise the expectation that further litigation and discovery could possibly reveal illegal conduct on the part of any these officials. See Twombly, 550 U.S. at 555. Specifically, her pleadings only draw legal conclusions, stated as factual allegations, to support her claims against these federal and state officials, such as merely explaining that the "following individuals violated her civil rights" and then listing those officials without any further factual connection to her claims. See Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 555). Such a bare recital of facts, without more, cannot be construed to infer any misconduct that rises above the speculative level or demonstrates a plausible claim for relief. See Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555.

Accordingly, to the extent that the Plaintiff wishes to pursue claims against these federal and state officials, those claims must be dismissed.

---

Captain Tom Madden and Sergeant Willis of Troop G of the Louisiana State Police. Id.

**V.      Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that the Defendants' Motions To Dismiss [Record Documents 3

and 6] be and are hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's claims against the Defendants be

**DISMISSED WITHOUT PREJUDICE**. A judgment consistent with the instant

memorandum ruling shall be issued herewith.

**THUS DONE AND SIGNED** on this 11th day of February, 2015.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE